## McNULTY v. GILBERT et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1912.)

1. CONTRACTS (§ 94*) — VALIDITY — FALSE REPRESENTATIONS — MATTERS OF OPINION.

Representations by the attorney of a corporation to its president that, in order to adjust its financial difficulties, it was necessary that the legal title to its property and assets be transferred to him, although false and fraudulent, did not avoid the contract, since it concerned merely his opinion or judgment.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420–430; Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. CANCELLATION OF INSTRUMENTS (§ 37*) — PLEADING — ALLEGATIONS OF FRAUD.

> In an action to cancel a contract for false representations, representations which are not alleged to be either false or fraudulent will be disregarded.
>
> [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66-81; Dec. Dig. § 37.*]

3. CONTRACTS (§ 94*)—FALSE REPRESENTATIONS—RELIANCE ON REPRESENTATIONS.

> Fraudulent concealment of facts is not ground for rescission of a contract, where it does not appear that the contract would not have been made if such fact had been known.
>
> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420-430; Dec. Dig. § 94.*]

4. CONTRACTS (§ 94*)—RESCISSION—FRAUD.

> Where it does not appear that a contract by which the property of a corporation was transferred to its attorney to aid in adjusting its financial difficulties was unjust, or that the attorney overreached the other parties, or took an undue advantage of his relation to them, but, on the contrary, it appears that he has acted thereunder, and his action has been beneficial to those concerned, the contract will not be rescinded for fraudulent representations or concealment.
>
> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 420-430; Dec. Dig. § 94.*]

5. ACCOUNT (§ 4*)—RIGHT TO ACCOUNTING.

> The president of a corporation, who joined in a contract between the corporation and its attorney transferring its property to the attorney to aid in adjusting its financial difficulties, thus subjecting his individual property thereto, was entitled to sue for an accounting by the attorney, and for the disposition of an award in condemnation proceedings received by him.
>
> [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 13, 14; Dec. Dig. § 4.*]

Appeal from Special Term, Kings County.

Action by Harold C. McNulty against Frederic N. Gilbert and others. From an order in the action, defendants appeal. Reversed, and motion denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

John A. Garver, of New York City, for appellants Gilbert and H. C. McNulty, Inc.

Clifford C. Roberts, of New York City, for appellants Betts and others.

John J. Kuhn, of Brooklyn, for respondent.

THOMAS, J.  H. C. McNulty was president of H. C. McNulty, Incorporated. The corporation was so embarrassed that it made with Gilbert contract Exhibit A, and McNulty joined therein, so that his individual property is concerned. The city owes an award for land previously taken, and the defendants are interested as owners of mortgages covering land conveyed to Gilbert under the contract. Gilbert conveyed to the Windsor Land & Improvement Company land received by him from the McNulty Company, whereon the mortgages, save one,

are liens, the payment whereof the grantee assumed. All the mortgages, save one, are liens on the award. It is apparent that in any final adjustment of interests involved all the parties to this action should be present. But the primary question now arising is whether the complaint states a cause of action. The plaintiff upon the appeal contends, as the court below decided, that there is but one cause of action stated, and that is in favor of plaintiff individually; that the contract be adjudged void in its inception for fraud on the part of Gilbert.

[1] The complaint alleges that Gilbert was the lawyer of the McNulty Corporation, and that he represented to the corporation and to plaintiff "that it would be necessary for him, in order to effectuate extensions of said mortgages, and to otherwise extricate defendant corporation from its financial difficulties, that he possess legal title to the property and assets of defendant corporation," that such representation was false to Gilbert's knowledge, and that the corporation and plaintiff, relying thereon, executed the contract.

[2] The further false representation alleged is that Gilbert, as attorney for plaintiff and defendant, represented to them that the contract as drawn "carried out the intention of the parties as herein expressed, and fully protected each and all of the parties in their respective rights," and that, relying thereon, the plaintiff and the corpo-ration executed the contract. But there is no allegation that such representation was fraudulent; nor does it appear in what regard it is false. The latter allegation may be at once disregarded. The representation earlier stated is charged to be false and fraudulent; but, as it concerns the opinion or judgment of Gilbert as to the necessity of his having the title, or the terms on which he would undertake it, it is not available for avoiding the contract.

[3] The plaintiff does plead that Gilbert was interested as part owner in certain of the mortgages, and was in control of the proceedings to foreclose the same, "which fact defendant Gilbert fraudulently concealed from plaintiff and defendant corporation, who had no knowledge thereof at the time said instrument was executed." There is no charge or inference that the first parties would not have made the contract if the fact had been known. It merely emphasizes the capacity and opportunity of Gilbert to procure the extensions.

[4, 5] It does not appear that the contract is unjust; that Gilbert has overreached the first parties, or taken an undue advantage of his relation to them or the mortgages. The contract was executed January 22, 1910, while the complaint is verified on May 10, 1912. Meantime Gilbert has acted under the contract, and, so far as appears, his action is beneficial to those concerned. Indeed, the plaintiff asks that he be paid the stipulated $5,000 for his services, and be allowed his disbursements, which is in affirmance of the contract. Hence a cause of action for the rescission of the contract for fraudulent representation or concealment does not exist; and, as this is the only one which the plaintiff claims as existing, the demurrers should be sustained, with leave to the plaintiff to amend his complaint so as to state a cause of action for an accounting, for the disposition of any money received in the award, and for such other adjustment as the facts may warrant.

The plaintiff is a party to the contract. His property is involved in it. Therefore he is entitled to ask the court to interpose for his protection.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

